IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

NORMA A. WOFFORD, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-07-013-KEW
 )
JAMIE BONILLA, individually; )
CENTRAL TRANSPORT, INC., )
a Michigan corporation; and )
NATIONAL UNION FIRE INSURANCE )
COMPANY OF LOUISIANA, )
 )
        Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment filed May 2, 2008 (Docket Entry #69). This Motion is at issue, having had a timely response and reply filed. Upon review and consideration of these documents, this Court renders this ruling.

On January 9, 2005, Plaintiff was a passenger in a Ford Windstar van driven by Betty Reese ("Reese"). Defendant Jamie Bonilla ("Bonilla") was driving a semi-tractor trailer which he owns and operates. On the relevant date, Bonilla was hauling goods for Defendant Central Transport, Inc. ("Central") as an independent contractor. Central was insured by Defendant National Union Fire Insurance Company of Louisiana ("National").

The accident forming the subject matter of this action occurred at the intersection of Choctaw Road and Highway 69 in Durant, Oklahoma. The intersection is normally controlled by

traffic lights but on the date of the accident the lights were not functioning due to a prior accident which rendered the lights inoperable. Traffic traveling north and south on Highway 69 had the right-of-way, controlled by a flashing yellow light. Traffic moving west and east on Choctaw Road was required to stop at the intersection and yield to the traffic on Highway 69. The Choctaw Road traffic was controlled by a flashing red light, a stop sign, and a flashing message sign reading "cross traffic does not stop." The speed limit on Highway 69 was 55 miles per hour.

Immediately prior to the accident, Plaintiff and Reese had stopped at a smoke shop located on the southeast corner of the intersection of Highway 69 and Choctaw Road. Reese drove the van in which Plaintiff was a passenger westbound onto Choctaw Road, moving behind a silver car that was stopped at the intersection. Reese testified that she and Plaintiff were laughing and talking because they had found certain snuff at the smoke shop. Reese admits she was distracted and if she had been by herself, she would have "probably taken a better look at it."

As the silver car entered the intersection, Reese followed behind it without stopping at the intersection. Reese testified she did not see the stop sign or the message sign because she was not paying attention. She assumed a light had changed and it was clear to go through the intersection as she had done when the traffic lights in the intersection were functioning properly.

Reese also did not look to see if the highway was clear before she entered the intersection and was not looking left, in the direction from which Bonilla was traveling. As Reese looked toward the south on Highway 69 while in the intersection, she saw Bonilla's truck and screamed "18 wheeler" as the truck struck Reese's van on the driver's side. Reese admits that she pulled out in front of Bonilla's truck and places no fault for the accident on Bonilla.

Plaintiff remembers little of the accident. Plaintiff recalls Reese say "there's an eighteen-wheeler." The vast majority of her testimony regarding the accident stems from what she was told by others, not her personal recollection.

Bonilla testified he was traveling in the right hand lane of Highway 69 as he approached the intersection behind another semi-tractor trailer. Bonilla had been through the intersection many times when the normal traffic lights were in place. He was traveling below the posted speed limit at all times relevant to this action. He noted the flashing yellow light in the intersection about a mile from the intersection and that traffic was traveling slower than usual. Bonilla observed Reese's van on Choctaw Road. Less than one-quarter mile from the intersection, Bonilla changed from the right hand lane to the left hand lane so that he could get "vision in front" of him, away from the other truck.

Once Bonilla changed lanes, he had a clear view in front of

3

him. He noticed vehicles on the east side of the intersection, wanting to cross the highway. He noticed Reese's red van while still behind the other truck. He did not pass the other truck before entering the intersection but was back from it. When he changed to the left hand lane, Bonilla lost sight of the vehicles on the east side of the intersection.

Before changing lanes, Bonilla noticed Reese's van had two people in it. He recalled seeing Reese looking the other way, towards the north and away from Bonilla's truck. He was "getting close to the intersection" when he saw Reese's van.

Within a short time after changing to the left hand lane, Bonilla testified his truck impacted with Reese's van. He hit the brakes as hard as he could but could not avoid the collision. He steered his truck towards the left in an attempt to avoid the accident - the same direction that Reese's van was traveling.

The accident was witnessed by Mr. Larry Russell ("Russell"), who was sitting in his vehicle at the intersection on Choctaw Road, facing east on the west side of Highway 69. Russell is an insurance adjuster, investigating the accident that had occurred the day before and had damaged the traffic lights at the intersection. Russell observed Reese's van pull out of the smoke shop and come to the stop sign on the other side of the intersection. He could see Reese and Plaintiff "conversing or looking at each other and talking." Reese then proceeded straight

out of the intersection. He believed Reese thought it was a four-way stop. Reese pulled directly in the path of Bonilla's truck. He believed Reese was distracted. He estimated the speed of the truck at 20 to 25 miles per hour due to the cautious way other traffic was proceeding in the intersection. Russell believes Bonilla had no opportunity to avoid the accident.

The accident was investigated by Officer Carrie Wyrick of the Durant Police Department. Officer Wyrick found six feet of skid marks from Bonilla's truck and his truck did not travel far after impact. She found Bonilla "didn't have much time" to avoid the accident due to the limited skid marks. She concluded Bonilla was traveling at a reduced speed at impact.

Plaintiff also proffers the testimony of her expert witness, Mr. Cecil H. Lane, Jr. concerning the deficiencies in Bonilla's actions. However, by prior Opinion and Order, Mr. Lane's testimony had been limited under a <u>Daubert</u> examination.

Plaintiff initiated this action on January 11, 2007, alleging Bonilla was negligent in "driving too fast and in an inattentive fashion for the highway conditions." Plaintiff also alleged "Bonilla's speed, inattention and other negligent actions of Bonilla caused the collision between his semi-truck and [Reese's] vehicle." He also alleged Bonilla "was acting in the course and scope of his employment with Central Transport."

Under Rule 56(c) of the Federal Rules of Civil Procedure,

summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Universal Money Centers v. A.T. & T., 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed 2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Applied Genetics v. Fist Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Defendants first contend that Plaintiff has failed to prove

6

any act of negligence on the part of Bonilla which was the proximate cause of the accident. Instead, Defendants assert the evidence indicates Reese's failure to stop and yield the right-of-way to Bonilla was the actual cause of the accident.

To prevail on a negligence claim against Bonilla, Plaintiff must prove (1) the existence of a duty on the part of Bonilla to protect Plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting from the violation. Dirickson v. Mings, 910 P.2d 1015, 1018 (Okla. 1996) citing Sloan v. Owen, 579 P.2d 812, 814 (Okla. 1977). A driver of a vehicle is charged with the duty of care to a degree which is reasonable and prudent under the circumstances. Id. citing Agee v. Gant, 412 P.2d 155, 159 (Okla. 1966). While Bonilla has not been shown to violate an Oklahoma statute or a federal regulation, he changed lanes such that a vehicle whose driver he recognizes is not looking his direction is no longer visible to him. A reasonable jury may find Bonilla's act was neither reasonable nor prudent given the cautionary circumstances.

This leads to a question of whether Bonilla's act was the proximate cause of Plaintiff's injuries. "[T]he question of whether the defendant's negligence is the proximate cause of the accident and injury to the plaintiff is one for the jury where the evidence is conflicting or where men of ordinary intelligence might differ as to the effect of the evidence on such issue." Dirickson,

7

910 P.2d at 1020. "Causation traditionally lies within the realm of fact, not law." Id. citing Atherton v. Devine, 602 P.2d 634, 637 (Okla. 1979). The exception to this precept is when "there is no evidence from which the jury could reasonably find a causal nexus between the negligent act and the resulting injuries." Id. citing Tomlinson v. Love's Country Stores, 854 P.2d 910, 916 (Okla. 1993). Foreseeability is also an essential element of proximate cause and foreseeability is also generally a question of fact for the jury. Lockhart v. Loosen, 943 P.2d 1074, 1079 (Okla. 1997).

Make no mistake – Reese's negligence in failing to stop before entering the intersection was a proximate cause of Plaintiff's injuries. However, when concurrent acts of negligence result in damage, "each act may be regarded as the proximate cause and the wrongdoers will be jointly and severally liable for the plaintiff's compensable harm." Id. The more appropriate fact finder for issues of negligence, foreseeability, and proximate cause in this case is a jury and not this Court.

Defendants have also contended that Reese's failure to stop at the stop sign was a supervening cause of the accident. Again, causation issues are best left to the jury to determine upon proper instruction on the law.

Defendants have also challenged the expert testimony offered by Plaintiff through Mr. Lane. As stated, his testimony and

attendant opinions have largely been precluded from presentation at trial by this Court's prior Opinion and Order.

Finally, Defendants contend Bonilla was an independent contractor and, therefore, Central should not be liable under the sole theory asserted by Plaintiff, *respondeat superior*. As a natural consequence, Defendants also contend National should not be included in this action as Central's insurer. All evidence indicates Bonilla acted as an independent contractor at the time of the accident. In order to confer liability on Central under *respondeat superior*, Plaintiff must show he was an employee of Central and was acting within the scope of his employment. Harless v. Nash, 959 P.2d 27, 28 (Okla. Ct. App. 1998). She has failed on both elements. Instead, Plaintiff cites to FMCSR 390.5, where an "employee" for purposes of being bound by the federal regulations includes an "independent contractor." Plaintiff fails to cite to any authority, however, which permits a federal regulation to define liability under a state law claim. This definition does not alter the required **factual** presentation Plaintiff must make. As a result, this Court finds Central cannot be held liable under *respondeat superior* and its insurer should not remain in this action since the insured cannot be held liable as a matter of law.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment filed May 2, 2008 (Docket Entry #69) is hereby **GRANTED** as to Plaintiff's claims against Defendants Central Transport, Inc.

and National Union Fire Insurance Company of Louisiana. However, the remainder of the Motion is **DENIED**.

IT IS FURTHER ORDERED that, in light of this ruling, Defendants' Motion to Bifurcate Claim Against Defendant National Union Fire Insurance Company of Louisiana filed May 2, 2008 (Docket Entry #70) is deemed **MOOT**.

IT IS SO ORDERED this 11th day of June, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE