IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

NORMA A. WOFFORD,               )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-07-013-KEW
                                )
JAMIE BONILLA, individually,    )
                                )
            Defendant.          )

## OPINION AND ORDER

Coming before the Court for consideration prior to the commencement of the jury trial of this case is Defendants' Omnibus Motion in Limine filed June 4, 2008 (Docket Entry #86). Plaintiff has responded to the Motion.

Upon review of the arguments of the parties, this Court renders the following evidentiary rulings and the parties shall conform their presentation of evidence and argument to the jury in accordance with these rulings:

1) Evidence of Defendant's driving history prior to and subsequent to the subject accident, including but not limited to evidence that Mr. Bonilla has been involved in other accidents or that he has received any traffic citations –

Defendant seeks to exclude this evidence, asserting it is inadmissible and irrelevant. Plaintiff states she will not introduce testimony regarding prior traffic accidents. However, she reserves the right to question Defendant concerning his training and experience as a driver of semi-tractor trailers.

Without hearing the specific questions Plaintiff intends to ask Defendant, it is impossible to determine their propriety until trial. Based upon the particular nature of the evidence sought for exclusion and Plaintiff's averment that she will not ask questions concerning accidents, and presumably traffic citations, the Motion on this issue will be sustained.

2) Opinions from any of Plaintiff's experts that were not disclosed in the expert's report or during the expert's deposition, or that rely on data not disclosed in the expert's report or deposition –

Subsequent to the filing of Defendant's Motion, this Court granted a request to limit the testimony of Plaintiff's expert witness, Cecil H. Lane, Jr. Plaintiff will be bound by that decision.

3) Plaintiff's testimony regarding Defendant's fault or negligence

Defendant contends Plaintiff remembered little about the accident as reflected in her deposition testimony. He, therefore, seeks to preclude her from testifying about any alleged negligence on his part.

Plaintiff responds by stating she "should be allowed to testify about actions admitted by Bonilla which she considers to be negligent and which she considers to have contributed to the motor vehicle accident." This testimony would not be offered from personal knowledge and would represent impermissible hearsay, since it would inevitably be based upon what Plaintiff had been told by

2

someone else. Further, Plaintiff is not in a position to offer an opinion as to whether certain conduct was, in fact, negligent or not negligent. While this Court does not know the exact nature of Plaintiff's intended testimony, it certainly is limited to Plaintiff's personal knowledge.

4) Plaintiff should be precluded from asserting or claiming that she will require future medical care or treatment or will incur future medical expenses; Plaintiff has no evidence to support such a claim –

Defendant contends Plaintiff has no evidence to support a claim for future medical care or treatment. Plaintiff cites to deposition testimony from Dr. Dennis Foster in support of this element of damage. However, Dr. Foster does not offer any such testimony. His deposition testimony can be summarized as stating Plaintiff suffers from an ankle fracture which may cause her pain in the future and indicates removal of the hardware put in place as a result of surgery on the ankle would not need to be removed unless Plaintiff chose to do so. This does not support a claim for future care and treatment.

Within the body of the argument, Defendant includes a request to exclude a request for future pain and suffering. Based upon Dr. Foster's testimony, this claim will not be excluded as he certainly indicates Plaintiff will suffer from "continuing aches and pains and is reminded that she has been injured . . . ."

5) Any statements taken from witnesses who are not subject to

cross-examination at trial should be excluded -

Plaintiff states she does not intend to offer such statements at trial.

IT IS THEREFORE ORDERED that Defendants' Omnibus Motion in Limine filed June 4, 2008 (Docket Entry #86) is hereby **GRANTED** with the exception that Defendant's request to exclude claims for future pain and suffering is hereby **DENIED**.

IT IS SO ORDERED this 13th day of June, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE